UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael P. Zey,<br><br>                          Plaintiff,<br><br>vs.<br><br>State of South Carolina; North Charleston Police Department,<br><br>                          Defendant. | ) C/A No.: 2:11-2389-CMC- BM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Plaintiff Michael P. Zey, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated in the South Mississippi Correctional Facility, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff alleges he was arrested in Mississippi sometime in July 1992, and three days later was taken to South Carolina for the alleged kidnapping and rape of a minor child. He alleges he "never had a chance to waive or fight anything," was never arraigned, and was not given a bond or appointed counsel. Nonetheless, Plaintiff was indicted for, and pled guilty to, attempted kidnapping on January 6, 1993. Plaintiff indicates he was told that, if he pled guilty to the attempted kidnapping charge, a sexual conduct charge would be dismissed, he would receive a ten (10) year sentence, he would be transferred to Mississippi, he would receive five (5) years probation, he would receive five (5) years suspended, and he would be given credit for time served. Subsequently, in October 1993, Plaintiff was arrested in Mississippi for rape. In April 1996, Plaintiff was sentenced to eighteen (18) years in the custody of the Mississippi Department of Corrections for a "felony crime." It also appears that Plaintiff's probation was revoked in June 1998 as a result of the 1996 Mississippi



1

conviction.

Plaintiff seeks damages and injunctive relief for alleged "illegal indictment, unconstitutional conviction and sentence and for violating his right to due process of law." While the Complaint is convoluted, it appears to challenge his 1993 South Carolina conviction and sentence. Plaintiff alleges he has been falsely imprisoned for approximately sixteen (16) years. He also raises a claim pertaining to personal property - an address book - that he alleges was seized from his North Charleston home, and was never returned to him. According to the Plaintiff, the search and seizure was without a warrant and without probable cause.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case



here.

As an initial matter, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] See *Alden v. Maine*, 527 U.S. 706, 713 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[2] or unless Congress has

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[2] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive

3



exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Therefore, the State of South Carolina is immune from suit for damages in a § 1983 action.

While local governmental entities, such as the Defendant North Charleston Police Department (NCPD), are subject to suit under § 1983; *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689 (1978); insofar as the plaintiff's 1993 conviction and related state court proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks

---

Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.



> damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, supra. *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004). Since the plaintiff has failed to establish, or even allege, that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, Plaintiff's cause of action for damages must be dismissed for failure to state a claim.

Further, to the extent Plaintiff is attempting to contest his conviction or incarceration, he must proceed under 42 U.S.C. § 2254 or § 2241, not § 1983, but he may do so only *after* he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of Social Services,* 489 U.S. 189, 200-203 (1989). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property-even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir.1986). *Yates* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." *See Plumer v. Maryland,*

5



915 F.2d 927, 929-32 & nn. 2-5 (4th Cir.1990) and *Zinermon v. Burch,* 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. *Johnson v. Crenshaw*, 2008 WL 154014 (D.S.C. 2008).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh,* 782 F.2d 825, 826 (9th Cir.1986); *Slaughter v. Anderson,* 673 F.Supp. 929, 930 (N.D.Ill.1987). Under South Carolina law, Plaintiff's property claim may be cognizable under the South Carolina Tort Claims Act (SCTCA). S.C.Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the SCTCA, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C.Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the SCTCA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See, e. g., Murphy v. Richland Memorial Hosp.,* 455 S.E.2d 688 (S.C.1995); and *Pollard v. County of Florence,* 444 S.E.2d 534 (S.C.Ct.App.1994).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28



U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

_____
Bristow Marchant
United States Magistrate Judge

September 30, 2011
Charleston, South Carolina

*<u>The plaintiff's attention is directed to the important notice on the next page</u>*.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

