IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael P. Zey, | ) | C/A NO. 2:11-2389-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| State of South Carolina; North Charleston Police Department, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On September 30, 2011, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report and a motion to amend on October 17, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff argues that the Magistrate Judge erred in construing his complaint to be filed as an action against the State of South Carolina.  This court agrees.  The complaint indicates that he is not filing suit against the State of South Carolina, but rather Charleston County.  *See* Compl. at 3 (ECF No. 1, filed Sept. 7, 2011).  Therefore, the State of South Carolina is dismissed from this action without prejudice.  The remainder of Plaintiff's objections are reargument of the material presented in his complaint, and are without merit.

As to Plaintiff's motion to amend, he seeks to add the "Ninth Judicial Circuit," Charleston County, South Carolina, the Charleston County Sheriff's Department, and the Charleston County Probation Department.  *See* Mot. to Recons. and Mot. to Amd. (ECF No. 10, filed Oct. 17, 2011).  However, even assuming for purposes of this case that these parties are amenable to suit under § 1983, Plaintiff presents no specific allegations against these entities which would circumvent the bar to suit under *Heck v. Humphrey*, 512 U.S. 477 (1984), as discussed by the Magistrate Judge in the Report.  Therefore, Plaintiff's motion to amend is **denied**.

This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
October 26, 2011

2